# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 21-mj-38 |
| | : | |
| **ALBERT CIARPELLI,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT MOTION TO CONTINUE AND
## TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through its attorney the Acting United States Attorney for the District of Columbia, hereby moves this Court to vacate the status conference presently scheduled for August 4, 2022, to continue the matter for approximately 60 days, and further to exclude the time within which an indictment must be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).   The government submits that the conditions that existed when the parties have previously moved to continue status conferences, regarding the amount of discovery that must be collated, provided to, and reviewed by the defense, still exist and have grown as the government has collected more evidence in this case.   *See, e.g.*, ECF Nos. 10, 13, 14, 20, 23.   The government is working diligently to provide this material to the defendant, but discovery is not yet complete, and the defendant still requires time to go through the material that has been provided by the government.   Additionally, counsel and the defendant have begun discussions of a potential resolution, but they need more time before they are prepared to provide an answer to that question to the government.   Defense counsel is currently in trial, and he has other commitments later in the month of August, and thus needs approximately 60 days

to review materials and speak to his client about a potential resolution.

The parties submit that under these circumstances, the ends of justice to be served by the requested continuance outweigh the interests of the public and the defendant in a speedy trial, and the Court should consequently exclude time under the Speedy Trial Act.

Undersigned counsel has conferred with William Sullivan, Esq., counsel for the defendant, and Mr. Sullivan informed undersigned counsel that the government may file this as a joint motion.

WHEREFORE, the parties respectfully requests that this Court grant the motion to continue for approximately four weeks, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   /s/ *Erik M. Kenerson*
Erik Kenerson
Assistant United States Attorney
Ohio Bar No. 82960
601 D Street, N.W., Room 5.130
Washington, DC   20530
Erik.Kenerson@usdoj.gov
(202) 252-7201